UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES ex rel.               )
  KENNETH FISHER,                   )
                                    )
           Plaintiff/Relator,       )
                                    )
      v.                            )   Civil Action No. 99-3095 (PLF)
                                    )
NETWORK SOFTWARE ASSOCIATES, et al.,)
                                    )
           Defendants.              )
_____ )

MEMORANDUM OPINION

On September 3, 2004, counsel for the relator in this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), moved to withdraw its representation for several reasons, including relator's failure to pay amounts owed to counsel under a retainer agreement. Counsel having complied with Local Civil Rule 86.3(c) and the District of Columbia Rules of Professional Conduct, the Court granted counsel's motion on October 26, 2004.

On December 14, 2004, defendants filed a motion to dismiss the complaint without prejudice on the grounds that a relator cannot maintain a *qui tam* action while proceeding *pro se*. See 28 U.S.C. § 1654. Relator's response, filed on January 7, 2005, stated that relator had no "intention of representing the interests of the Government *pro se*, to the extent prohibited by law," and that relator had discussed with the Assistant United States Attorney assigned to the case the prospect of the government's intervention in the case. Relator requested that the Court afford him an additional 90 days to retain counsel in the event the government did not choose to intervene.

Defendants moved to stay proceedings while relator sought counsel. The Court granted that motion on March 17, 2005, and directed relator to notify the Court by May 6, 2005, whether he had succeeded in retaining counsel. Relator did not respond by the date ordered. On May 17, 2005 defendants renewed their motion to dismiss the case, and on May 19 the Court ordered relator to show cause in writing, on or before May 31, 2005, why the case should not be dismissed because of relator's inability to find counsel. Relator again filed no response.

Because it was unclear whether relator had received notice of the Court's May 19, 2005 Order, on June 30, 2005 the Court again afforded relator the opportunity to show cause why his case should not be dismissed, this time by July 15, 2005. That date has passed and relator still has filed no response, nor has the government moved to intervene in this case.

In Rockefeller v. Westinghouse Elec. Co., 274 F. Supp.2d 10, 12 (D.D.C. 2003), this Court held that a relator in a *qui tam* action under the FCA may not proceed *pro se*. Judge Walton explained that although a *qui tam* relator has an interest in the action, the real party in interest in such a case is the United States, regardless of whether the government chooses to intervene. Id. at 16 (citing United States v. Onan, 190 F.2d 1, 4, 6 (8th Cir. 1951) and Zissler v. Regents of Univ. of Minn., 154 F.3d 870, 872 (8th Cir. 1998)). Because the outcome of such an action could have claim- or issue-preclusive effect on the United States, "[t]he need for adequate legal representation on behalf of the United States is obviously essential." Rockefeller v. Westinghouse Elec. Co., 274 F. Supp.2d at 16. In this respect *qui tam* suits are analogous to class actions and shareholder derivative suits, where courts have required persons suing on behalf of others to retain counsel. See id. (citing Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976) (holding that a stockholder cannot represent the corporation without an attorney) and Oxendine

v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that qualified counsel is needed to adequately represent the interests of the class)).  Relator has offered no reason why this Court should not follow Rockefeller, and the Court sees none.  The Court therefore holds that plaintiff may not maintain this suit as a *qui tam* relator without the assistance of counsel.

Relator reportedly has been seeking new counsel since at least January 7, 2005, when he asked the Court for 90 days in which to find representation.  Three court-imposed deadlines and more than six months have passed, and relator has failed to oppose defendants' motion to dismiss and failed to provide the Court with any indication that he has found or has any prospect of finding counsel.  Relator cannot maintain this action without representation, and relator's conduct gives the Court no reason to suppose that he will be successful in obtaining counsel.  Accordingly, the Court will grant defendants' motion and dismiss relator's complaint without prejudice.

An Order consistent with this Memorandum Opinion shall issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 20, 2005